NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN D. KNOX,                          :
                                        :
    Plaintiff,                          :        Civil Action No. 07-6081 (SRC)
                                        :
v.                                      :        **OPINION**
                                        :
MICHAEL J. ASTRUE,                      :
COMMISSIONER OF SOCIAL                  :
SECURITY,                               :
                                        :
    Defendant.                          :
                                        :

**Chesler, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Kevin D. Knox ("Knox"), of the final decision of the Commissioner of Social Security ("Commissioner") determining that he is not eligible for Social Security Disability Benefits or Supplemental Security Income benefits under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. C<small>IV</small>. R. 9.1(b), finds that the Commissioner's decision is supported by substantial evidence and is hereby **AFFIRMED**.

**I. BACKGROUND**

    The following facts are undisputed. Knox was born in 1965. He has worked as a customer service representative in a bank. On June 3, 2003, he filed an application for Social Security Disability Insurance and Supplemental Security Income benefits, alleging disability since March 16, 2002, due to HIV and pulmonary hypertension. Plaintiff's claims were denied

by the Commissioner initially and on reconsideration.  Pursuant to Plaintiff's request, a hearing before an administrative law judge was held in 2005, and Plaintiff was found not to be disabled.  On February 10, 2006, the Appeals Council remanded the case for further proceedings.  A post-remand supplemental hearing was held before Administrative Law Judge Dennis O'Leary (the "ALJ") on December 7, 2006, who denied Plaintiff's claim in an unfavorable decision issued February 9, 2007.  After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, that decision became final as the decision of the Commissioner of Social Security.  On December 21, 2007, Plaintiff filed the instant appeal of the Commissioner's decision.

## II.  DISCUSSION

**A.     Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).  This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its

conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

**B.     Standard for Awarding Benefits Under the Act**

The claimant bears the initial burden of establishing his or her disability.  42 U.S.C. § 423(d)(5).  To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled."  42 U.S.C. § 1381.  A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987).  Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).  Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability.  42 U.S.C. § 423(d)(5)(A).  To demonstrate that a disability exists, a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

**C.     The Five-Step Evaluation Process**

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520.  The claimant bears the burden of proof at steps one through four.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(b).  If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied.  Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment.  20 C.F.R. §§ 404.1520(a)(ii), (c).  An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  Id.  In determining whether the claimant has a severe impairment, the age, education, and work

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit."  20 C.F.R. § 404.1510.

experience of the claimant will not be considered. Id. If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1594(f)(2). If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled. In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." (Id.) An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing." Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is able to perform his past relevant work, he will not be found disabled under the Act. In Burnett, the

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Third Circuit set forth the analysis at step four:

> In step four, the ALJ must determine whether a claimant's residual functional capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett, 220 F.3d at 120.  If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  20 C.F.R. §§ 404.1512(g), 404.1560(c)(1).  If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled.  Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy.  These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity).  These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).  When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an

individual is disabled.  20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983).  The claimant may rebut any finding of fact as to a vocational factor.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled."  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  Moreover, "the combined impact of the impairments will be considered throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523.  However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits.  See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

While Burnett involved a decision in which the ALJ's explanation of his step three determination was so inadequate as to be beyond meaningful judicial review, the Third Circuit applies its procedural requirements, as well as their interpretation in Jones, to every step of the decision.  See, e.g., Rivera v. Commissioner, 164 Fed. Appx. 260, 262 (3d Cir. 2006).  Thus, at every step, "the ALJ's decision must include sufficient evidence and analysis to allow for meaningful judicial review," but need not "adhere to a particular format."  Id.

D. The ALJ's decision

In brief, the issue before the ALJ on remand was whether Plaintiff was disabled under the Social Security Act beginning March 16, 2002.  The ALJ examined the record and determined that: 1) at step one, Plaintiff had not engaged in substantial gainful activity during the relevant time period; 2) at step two, the ALJ found that Plaintiff had impairments including pulmonary

7

hypertension, panic disorder, HIV infection, cervical radiculopathy, lumbar spine disc disease, and bilateral knee impairments, that were "severe" within the meaning of the Regulations; 3) at step three, Plaintiff's impairment did not meet or equal an impairment in the Listings; 4) at step four, the Plaintiff did not retain the residual functional capacity to perform his past relevant work, and the ALJ found particular exertional and non-exertional functional limitations; and 5) considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that Plaintiff can perform that exist in significant numbers in the national economy. The ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act.

      E.      Plaintiff's Appeal

In the first section of argument in Plaintiff's brief, Plaintiff contends that the ALJ improperly evaluated the medical evidence. In the argument, however, Plaintiff by and large simply lists undigested fragments of medical evidence. Plaintiff does not explain what role this evidence should have played at any particular step of the disability determination: Plaintiff does not argue that the evidence listed supports finding, at step three, that Plaintiff met a particular Listing or finding, at step four, a particular limitation in residual functional capacity. At step two, the ALJ found that Plaintiff had severe impairments including pulmonary hypertension, panic disorder, HIV infection, cervical radiculopathy, lumbar spine disc disease and bilateral knee impairments. (Tr. 22.) At step four, the ALJ did find that Plaintiff's physical and mental impairments did result in specific limitations of his residual functional capacity. (Tr. 25.) Absent arguments that particular step three or step four determinations were not supported by substantial evidence, Plaintiff has failed to articulate an argument of material error in the first section of argument.

        *1.*     *Arguments about step three*

           a.     Listing 1.04

Plaintiff next contends that the ALJ erred in concluding that Plaintiff did not meet the requirements of Listing 1.04A, Disorders of the Spine. Plaintiff's argument, however, consists of quoting Listing 1.04A, followed by a single paragraph which lists a number of technical, clinical medical findings. (Pl.'s Br. 37.) While this might be meaningful to a medical expert, as legal argument, it fails to demonstrate that the ALJ wrongly evaluated the medical evidence and erred in his determination on this issue. On review, the question for this Court is whether the ALJ's determination that Plaintiff did not meet the requirements of the Listing was supported by substantial evidence. A list composed of technical, medical jargon does not persuade this Court that, as to Listing 1.04A, the ALJ's determination was not supported by substantial evidence.

           b.     Listing 12.06

This briefing pattern repeats for Listing 12.06, Anxiety Related Disorders: Plaintiff quotes Listing 12.06, followed by two paragraphs which are nearly entirely a list of various psychiatric symptoms. Plaintiff makes no attempt to explain how the evidence meets the requirements of Listing 12.06 or how the ALJ wrongly evaluated the medical evidence and erred in his determination on this issue.

        *2.*     *Arguments about steps four and five*

Plaintiff's appeal fails crucially in addressing the ALJ's decision at steps four and five: Plaintiff fails to make more than a weak gesture in attacking the residual functional capacity determination at step four. Under the Act, if a claimant does not meet a Listing at step three, crucial to the disability determination is the residual functional capacity determination at step four. As to the ALJ's residual functional capacity determination at step four, Plaintiff expresses

surprise, but, again, provides no analysis which articulates how the ALJ's determination was not supported by substantial evidence. At the first four steps, given that Plaintiff bears the burden of proof of disability, it is not enough to offer vague and conclusory assertions that the ALJ was wrong. Because this Court must affirm the Commissioner's decision if it is supported by substantial evidence, and because Plaintiff bears the burden of proof at step four, Plaintiff must demonstrate that the ALJ's residual functional capacity determination was not supported by substantial evidence. Plaintiff has not even raised a substantial question about the ALJ's residual functional capacity determination, no less shown that the ALJ erred.

As to step five, Plaintiff makes two arguments: 1) the ALJ posed an incomplete hypothetical to the vocational expert; and 2) the ALJ mentioned only some of the jobs that the vocational expert said Plaintiff could perform. As to the second argument, it is not clear how the ALJ's listing only some of the jobs that the vocational expert stated that Plaintiff can perform constitutes error.

As to the first argument, Plaintiff makes no detailed analysis of the hypothetical. This Court has reviewed the hearing transcript and finds that the ALJ's hypothetical included exertional and non-exertional limitations that conform to the ALJ's residual functional capacity determination at step four. (Tr. 593-596.)

As to the legal validity of the hypothetical, the basic principle is that "the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations." Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). Plaintiff's argument on this issue, in its entirety, is this sentence: "The Administrative Law Judge failed to include the plaintiff's limitations as to the need to avoid wetness, fumes, gases and temperature extremes as well as heights, inability to push, pull, kneel, bend or stoop (T. 489-96), as a result of plaintiff's

pulmonary and bilateral knee impairments." (Pl.'s Br. 42.) As to the alleged limitations of "need to avoid wetness, fumes, gases and temperature extremes as well as heights," this Court does not perceive what logical connection this has to the hypothetical or to the expert's testimony: there is no reason to believe that, even if these qualified as credibly established limitations, work as a sorter or packager would require exposure to wetness, fumes, or heights. As to the mobility limitations that Plaintiff lists, as Defendant observes, these limitations were considered in the step four determination of Plaintiff's residual functional capacity. Because the hypothetical incorporated the credibly established limitations reflected in the residual functional capacity determination at step four, there is no basis to find error.

### III.  CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


Dated: December 8, 2008

      s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.